# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY MCCLAIN, | ) |
| Plaintiff, | ) Case No.: 2:10-cv-01588-GMN-PAL |
| vs. | ) |
|  | ) **ORDER** |
| REPUBLIC MORTGAGE, LLC, et al., | ) |
| Defendants. | ) |

Defendants Bank of New York Mellon and Recontrust Company, N.A. ("Removing Defendants") attempted to remove this case to federal court asserting only diversity jurisdiction. (*See* Pet. for Removal, ECF No. 1.)  However, Plaintiff is a citizen of Nevada and the Complaint filed in state court lists two citizens of Nevada as Defendants: Republic Mortgage, LLC ("Republic") and Fidelity National Title Agency ("Fidelity").

Removing Defendants' Petition for Removal tried to explain away this apparent jurisdictional defect by contending that "Neither Republic's nor Fidelity's citizenship impacts diversity because they were fraudulently joined in this action." (*See* Pet. for Removal ¶¶ 10 & 11, ECF No. 1.)  However, the Petition offered little in the way of substantive argument to support this contention.  Accordingly, the Court ordered the parties to "file briefs addressing Defendants' contention that Defendants Republic Mortgage, LLC and Fidelity National Title Agency of Nevada were fraudulently joined in this lawsuit." (Minute Order, ECF No. 19.) Having reviewed the briefs submitted by the parties (ECF Nos. 20 & 21), the Court REMANDS this lawsuit to state court.

## DISCUSSION

A civil action brought in state court may be removed by the defendant(s) to a federal district court if the district court could have had original jurisdiction over the matter. 28 U.S.C.

§ 1441(a). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have subject matter jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331, or where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332(a).

Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The defendant has the burden of establishing that removal is proper. *Id.*

Here, diversity jurisdiction does not exist on the face of Plaintiff's Complaint, as Plaintiff is a citizen of Nevada and two of the named Defendants are citizens of Nevada. Nor is the Complaint procedurally removable to this Court, as a lawsuit filed in Nevada state court can only be removed to this Court if none of the defendants are citizens of Nevada. *See* 28 U.S.C. § 1441(b). However, Removing Defendants claim that this case can be properly removed and diversity jurisdiction can be properly invoked because Republic and Fidelity were fraudulently joined.

A defendant has been fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Indeed, in order to prove fraudulent joinder, "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Insurance Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). Further, a finding of fraudulent joinder is improper if the defendants' assertions go to "the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all defendants." *Ritchey v. Upjohn Drug Co.*, 139 F.3d

1313, 1318 (9th Cir. 1998) (quoting *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)).

Removing Defendants' arguments concerning the alleged fraudulent joinder of Fidelity and Republic are unconvincing. Specifically, Removing Defendants contend that Republic and Fidelity were fraudulently joined because the conspiracy cause of action leveled against them was defectively pleaded with regard to all Defendants. (*See* Brief 4:3-5:14, ECF No. 21.) However, this is exactly the sort of argument that is not persuasive in the context of fraudulent joinder, as Removing Defendants are simply claiming that the claim was "ill founded as to all defendants," not that Fidelity and Republic were actually fraudulently joined. Furthermore, Removing Defendants have failed to meet their heavy burden of establishing that "there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." It is entirely possible that, even if Plaintiff's conspiracy claim is defective as it currently stands, Plaintiff could amend the Complaint to state a valid conspiracy claim against Fidelity, Republic, and all of the other relevant Defendants. Accordingly, diversity jurisdiction does not exist and this case must be remanded.

## CONCLUSION

**IT IS HEREBY ORDERED** that this lawsuit is **REMANDED** to state court. **The Clerk's Office is directed to mail a copy of this Order to the clerk of the court for the Eighth Judicial District Court, Clark County, Nevada.**

DATED this 22nd day of July, 2011.

_____
Gloria M. Navarro
United States District Judge